United States District Court
Southern District of Texas
**ENTERED**
May 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDON T. JONES, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-103 |
| NIKE, INC., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The court previously ruled that Nike had not infringed a trademark asserted by Landon Jones in the word "ballin" used on t-shirts, particularly around the basketball events known as March Madness. (Docket Entry No. 46). "Ballin" is a term frequently used in basketball and mass culture. Nike has moved to recover the attorneys' fees it spent defending against the infringement and unfair competition claims Jones brought under the Lanham Act, 15 U.S.C. § 1125(a). The motion raises two issues: are any of the attorneys' fees Nike seeks recoverable; and if so, in what amount? Both issues are addressed below.

**I.    The Legal Standard**

Under the Lanham Act, a prevailing party in an "exceptional" action may be entitled to recover the attorneys' fees expended in the case. This is a statutorily created exception to the normal rule that litigants are required to bear their own attorneys' fees and litigation expenses even if they are successful in the litigation. Generally, an exception must be contained in a statute or in a contract. The Lanham Act created such an exception but did not define the term "exceptional." 15 U.S.C. § 1117(a).

The federal courts have determined the word "exceptional" in this context allows an award of attorneys' fees in trademark infringement cases when the acts of infringement can be characterized as malicious, fraudulent, deliberate or willful. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002) ("Courts permit prevailing plaintiffs to recover attorneys' fees under § 1117(a) if the defendant maliciously, fraudulently, deliberately, or wilfully [sic] infringes the plaintiff's mark."). "[E]ven deliberate copying of a mark does not automatically make a case 'exceptional.' . . . '[A] district court normally should not find a case exceptional where the party presents what it in good faith believes may be a legitimate defense.'" *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 537 (5th Cir. 2012) (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 66 (5th Cir. 1992)).

The evaluation of whether a case is "exceptional" is a "totality of the circumstances" approach. A court looks to a large number of potential factors that may be evaluated on a case-by-case basis. Among the factors that federal courts will consider are these:

- The substantive strength of a party's litigating position in the court and before the Trademark Appeal Board.
- Whether the case was litigated in an unreasonable manner.
- Clarity of the governing law and judicial precedents on the specific legal points at issue.
- The specific facts of the case with respect to the nature of the alleged infringement, what was known at the time of alleged trademark infringement, and registration and fame of the infringed trademark.

*See All. for Good Gov't v. Coal. for Better Gov't*, 919 F.3d 291 (5th Cir. 2019); *Baker v. DeShong*, 821 F.3d 620 (5th Cir. 2016).

Each of the factors are examined below.

**II.	Analysis**

The first factor is the substantive strength of the losing party's litigating position in court. The case was not a difficult one to resolve. Jones had designed a "ballin" concept with a two-tone color scheme, with the B and the IN in one color and the ALL in a second color meant to read as "be all in." In April 2020, Jones asserted that he sent the material to an individual in Nike's marketing department via Instagram. (Docket Entry No. 46 at 1). He received no response. In October 2021, Jones licensed Harry Boyce a limited right to use the "ballin" mark. Boyce sold about 65 pieces of apparel with the mark. (*Id.* at 2–3). Boyce also launched a BALLIN podcast, although the subject is unclear.

In February 2022, Nike launched a March Madness Tee shirt using the words "BALL IN." (*Id.* at 3). Jones began to harass and cyber bully the Nike employee he had previously contacted, accusing her of receiving the marketing concept through an unsolicited Instagram message and passing it along to Nike. Nike made repeated efforts to explain that neither it nor the employee had seen his unsolicited proposed for a "ballin" market concept. (Docket Entry No. 55 at 7). Jones harassed the employee via multiple social media posts and videos. (*Id.*). In March 2022, Jones sued Nike and two retail partners—who Nike indemnified—shortly thereafter. The judge granted Nike summary judgment. (Docket Entry No. 46). Nike seeks $570,000.00 in fees. (Docket Entry No. 55). The issue is whether the case fits into the "exceptional category of Lanham Act cases that merit fee awards.

The first factor weighs in Nike's favor. Jones's Lanham Act case was weak from the outset. The facts did not show that Nike had ever seen Jones's marketing concept or that Jones could assert rights to "idea theft." The only prior use of the word "ballin," a common sports term, was on 65 shirts sold by a friend of Jones, in one location in Wisconsin. (Docket Entry No. 46 at 3).

The commercial use and value of the mark was therefore very limited, and Jones failed to actually allege "idea theft" in his claims. (*Id.* at 10–11).

The second factor also weighs in Nike's favor. Jones's conduct prior to the litigation, including his use of social media to accuse a Nike employee of theft and racism, was harsh and unfounded. Jones continued these attacks even after he was told that they were baseless. The litigation itself was based on a claim that Jones owned a trademark for "ballin," a common word in the sports industry.

Finally, there had not been sufficient meaningful and public use by Jones of the "ballin" word to give Jones ownership and the exclusive right to use the "ballin" mark. The similarities of the Jones and Nike designs do not justify Jones's lawsuit, because it was clear that Jones lacked the information necessary to show that he owned an exclusive right to a "ballin" trademark. The only commercial use that had occurred was that Jones got a friend of his, Boyce, to sell approximately 65 out of 83 pieces of clothing with Jones's "ballin" word. These are scant facts to show prior use in commerce. (*See* Docket Entry No. 46).

The more difficult question is the fee amount. It is clear that Jones acted out of anger and a belief that he "got screwed over" by Nike's use of its own "BALLIN" design, but it is unclear whether Jones acted in objective bad faith. For example, there is no evidence that Jones was asserting his trademark claim in order to undermine to dilute Nike's sales. Instead, the evidence shows that Jones believed—mistakenly—that he had an exclusive right in the word "ballin" on apparel for basketball season; and that he believed Nike had stolen that right and was using its own "BALLIN" design without his permission or compensating him. This is an exceptional case because Jones was wrong from the outset and because he resorted to harassing a Nike employee as part of his strategy.

Nike has stated that its attorneys and staff spent over 750 hours on this case. Given that there was no motion to dismiss, and that summary judgment was granted in the case, this amount is disproportionate to the work performed. Accounting for the ambiguity discussed above, the court believes that $25,000.00 is an appropriate fee. It is far lower than the amount Nike has requested, but it takes into the relative ease with which Nike obtained the dismissal of this case, the simplicity of the legal issues, and the fact that Jones does not appear to have brought the case in order to harm Nike's sales. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 803 (5th Cir. 2006) (laying out the factors a district court must use when reducing an award of attorney's fees (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

The court awards Nike $25,000.00 in attorney's fees.

SIGNED on May 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge